**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **WELLS FARGO BANK, NA, *etc.*,** )<br><br>    **Plaintiff,** )<br><br>**v.** )<br><br>**BENCHMARK SERVICES, INC., *et al.*,** )<br><br>    **Defendants.** ) | **CIVIL ACTION 13-0159-WS-M** |

**ORDER**

This matter comes before the Court *sua sponte* based on its review of the Answer (doc. 11) filed by defendants, Benchmark Services, Inc. and Larry Wayne Miller.

On May 15, 2013, defendants, by and through counsel, filed an Answer that, in lieu of admitting or denying each of the numbered paragraphs of the Complaint, simply states a blanket denial that defendants "deny each and every allegation set forth in" Counts One, Two and Three of the Complaint.  (Doc. 11, at 1.)  Such general denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure.  *See Mortensen v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3339492, *2 n.7 (S.D. Ala. Aug. 23, 2010) ("General denials are almost always improper under the Federal Rules of Civil Procedure."); *Matter of Crawford*, 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure.").  Indeed, one prominent commentator has opined that the use of general denials "has been sharply restricted" under the Federal Rules of Civil Procedure and that "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases."  Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1265; *see also* 2 *Moore's Federal Practice*, § 8.06[4] (3d ed.) ("Because of the very broad nature of a general denial, as well as the duty to respond in good faith after reasonable inquiry, general denials are

rarely appropriate responses to multi-faceted statements within claims for relief when numerous facts are alleged together.").

Under Rule 8(b)(2), Fed.R.Civ.P., denials set forth in an answer "must fairly respond to the substance of the allegation." *Id.* Moreover, a general denial such as that offered by the Benchmark and Miller is appropriate only when a party "intends in good faith to deny all the allegations of a pleading." Rule 8(b)(3). By contrast, "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* Benchmark and Miller's Answer is a textbook example of a general denial; however, it is far from clear in this case that such a denial can be made in good faith in a manner that comports with defendants' obligations under Rules 8 and 11. For example, the Complaint includes allegations that Benchmark is an Alabama corporation with its principal place of business in Theodore Alabama (doc. 1, ¶ 2); that Miller is a resident of Mobile, Alabama (*id.*, ¶ 3); that Wells Fargo (as successor by merger to Wachovia Bank) made a loan to Benchmark in the amount of $350,000, with such loan evidenced by an April 20, 2007 promissory note (*id.*, ¶ 7); that a true and correct copy of the note is attached to the Complaint as Exhibit A (*id.*); that Miller executed an unconditional guaranty on the loan on April 20, 2007 (*id.*, ¶ 10); that a true and correct copy of that guaranty is attached to the Complaint as Exhibit B (*id.*); and so on.

The Court is concerned that, in its current form, the Answer (which denies everything and admits nothing) does not appear to comport with the strictures of Rules 8 and 11. For example, do defendants have a good-faith basis for denying that Benchmark borrowed money and signed a promissory note, that Miller signed a guaranty, and that accurate copies of those documents are attached to the Complaint? Of course, counsel's signature on the Answer constitutes a certification by counsel "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the denials of factual contentions are warranted on the evidence." Rule 11(b)(4), Fed.R.Civ.P.

In light of the foregoing, the Court invites defendants to file an Amended Answer that fairly meets the substance of the factual allegations of the Complaint and is otherwise consistent with this Order. Such an Amended Answer should be filed on or before **May 28, 2013**. If an Amended Answer in conformity with Rules 8 and 11 is filed prior to that deadline, then Benchmark and Miller need take no further action in response to this Order. However, if

defendants opt not to file such an Amended Answer within that time frame, then they are **ordered** to **show cause**, on or before **May 28, 2013**, why their Answer, in its current form, does not violate Rules 8(b) and 11(b) of the Federal Rules of Civil Procedure.  This Show Cause Order is entered pursuant to Rule 11(c)(3), Fed.R.Civ.P.  Responses to this Show Cause Order should include, without limitation, a description of the reasonable inquiry undertaken by defendants' counsel prior to filing their Answer and an explanation of how, following such reasonable investigation, he could in good faith controvert all of the allegations of the Complaint pertaining to his clients, including without limitation those identified *supra*.

DONE and ORDERED this 15th day of May, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE